**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

NOT FOR PUBLICATION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Civil Action No. 17-7214 (SRC) |
| v. | OPINION |
| BALJINDER SINGH, a/k/a Davinder Singh, | |
| Defendant. | |

**CHESLER**, District Judge

This matter comes before the Court upon Plaintiff's filing of a motion for summary judgment (Docket No. 7) pursuant to Federal Rule of Civil Procedure 56(c), to seek an order of denaturalization against Defendant Baljinder Singh a/k/a Davinder Singh[1] under 8 United States Code § 1451(a). Defendant has not opposed the motion, nor has he responded to the complaint filed on September 19, 2017 (Docket No. 1). The Court has reviewed the Plaintiff's unopposed motion and proceeds to rule without oral argument. See Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiff's motion will be granted.

---

[1] Plaintiff has submitted a laboratory report by the Homeland Security Investigations-Forensic Laboratory of the U.S. Immigration and Customs Enforcement, which compares a January 24, 1992 fingerprint card bearing the name Baljinder Singh to a September 25, 1991 fingerprint card bearing the name Davinder Singh. (Docket No. 7-2.) Based on a comparative analysis of the friction ridge details of each fingerprint, the report concludes that the fingerprints match and belong to the same individual. Plaintiff relies on this report to contend that Baljinder Singh and Davinder Singh are, in fact, the same individual. (Plaintiff's Statement of Undisputed Material Fact ("SUMF") ¶ 4.) Having received no opposition to this motion from Defendant to impeach the credibility of this scientific fingerprint analysis, this Court finds that there is no genuine issue as to the fact that Davinder and Baljinder Singh are the same individual. Accordingly, the Court refers to both names interchangeably as 'Defendant.'

1

## I. FACTUAL BACKGROUND[2]

### a. Defendant's Immigration History and Naturalization

In September 1991, Defendant arrived in the United States at San Francisco International Airport without travel documents or proof of identity. (SUMF ¶ 5; Docket No. 7, Plaintiff's Exhibits Attached to its Motion for Summary Judgment ("Ex.") B.). Through a Punjabi interpreter, Defendant gave his name as Davinder Singh. (SUMF ¶ 6; Ex. C.) Because Defendant had entered the United States without a valid entry document, Immigration and Naturalization Service ("INS") served Defendant with an I-122 Form to initiate exclusion proceedings. (SUMF ¶ 7; Ex. D.) Defendant was subsequently released on bond, and an immigration judge granted Defendant's motion to change the venue to Newark, New Jersey. (SUMF ¶¶ 9-10; Ex. E.) When Defendant failed to appear to his January 7, 1992 court hearing, the immigration judge ordered Defendant to be excluded and deported *in absentia* from the United States. (SUMF ¶¶ 11-12; Ex. F.)

In February 1992, Defendant filed a Form I-589 request for asylum under the name Baljinder Singh. (SUMF ¶ 13; Ex. G.). While the asylum application was pending, Defendant married a U.S. citizen and, on that basis, he filed a Form I-485 application to become a

---

[2] By failing respond to the complaint, Defendant has defaulted and thus is "deemed to have admitted the factual allegations of the Complaint by virtue of [his] default." Doe v. Simone, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013); Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535–36 (D.N.J. 2008) ("Although the Court should accept as true the well-pleaded factual allegations of the Complaint, the Court need not accept the moving party's legal conclusions or allegations relating to the amount of damages"); see also Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir.1990). Further, in an "unopposed motion [for summary judgment], a movant who files a proper Local Civil Rule 56.1 statement of undisputed material facts ("SMF") receives the benefit of the assumption that such facts are admitted for purposes of the summary judgment motion." Ruth v. Selective Ins. Co. of Am., 2017 WL 592146, at *3 (D.N.J. Feb. 14, 2017). Accordingly, this Court bases the following factual background on Plaintiff's unopposed Statement of Undisputed Material Fact and the exhibits attached thereto.

permanent resident. (SUMF ¶ 15; Ex. I.) Defendant's adjustment application did not disclose his September 1991 entry under the name Davinder Singh. INS granted Defendant's application for permanent resident status in September 1998. (SUMF ¶ 16.)

In 2004, Defendant submitted a Form N-400 Application for Naturalization. (SUMF ¶ 17; Ex. J.) Form N-400 includes several questions regarding the applicant's identity, criminal background, and prior immigration history, including most relevantly: "If you have ever used other names, provide them below" (Ex. J, Part 1, Question C); "Have you EVER committed a crime or offense for which you were not arrested?" (Ex. J, Part 10, Section D, Question 15); "Have you EVER been arrested, cited, or detained by any law enforcement officer (including INS and military officers) for any reason?" (Ex. J, Part 10, Section D, Question 16); "Have you EVER given false or misleading information to any U.S. government official while applying for any immigration benefit or to prevent deportation, exclusion, or removal?" (Ex. J, Part 10, Section D, Question 23); "Have you EVER lied to any U.S. government official to gain entry or admission into the United States?" (Ex. J, Part 10, Section D, Question 24); "Have you EVER been ordered to be removed, excluded, or deported from the United States?" (Ex. J, Part 10, Section E, Question 27); and "Have you EVER applied for any kind of relief from removal, exclusion, or deportation?"(Ex. J, Part 10, Section E, Question 28).

Defendant responded no to all of these questions, and signed the Form N-400 application on March 6, 2004 "under penalty of perjury under the law of the United States of America, that this application, and the evidence submitted with it, are all true and correct." (Ex. J, Part 11. Your Signature.) At his naturalization interview, dated December 2, 2004, Defendant likewise swore and certified that the application was "true and correct to the best of [Defendant's] knowledge and belief." (Ex J., Part 13. Signature at Interview.)

Based on the sworn statements contained in Defendant's N-400 application and the naturalization interview, Defendant was granted United States citizenship and issued Certification of Naturalization No. 29916157. (SUMF ¶ 28.)

### b. Procedural History

On September 19, 2017, the United States filed a complaint against Defendant to revoke his naturalization. (Docket No. 1.) The complaint contains one count for the illegal procurement of naturalization through fraud or willful misrepresentation. Plaintiff alleges that Defendant illegally procured his citizenship because he was never lawfully admitted for permanent residence, which is a statutory prerequisite under Title 8 United States Code §§ 1427(a), 1429. The complaint also contains one count for the procurement of United States citizenship through the concealment of a material fact or willful misrepresentation, which Plaintiff alleges warrants revocation of citizenship under Title 8 United States Code §1451(a).

Defendant did not file an answer or otherwise respond to the complaint within the 60 days permitted under Title 8 United States Code § 1451(b). On December 4, 2017, Plaintiff filed a motion for summary judgment. Defendant similarly did not file an opposition or otherwise respond to Plaintiff's motion by the deadline established by Local Civil Rule 78.1(a). In its motion, Plaintiff argues that there are no genuine issues of material fact and that under Federal Rule of Civil Procedure 56, Plaintiff is entitled to judgment as a matter of law as to both counts in its complaint.

## II. Relevant Legal Standards

### a. Summary Judgment Under Federal Rule of Civil Procedure 56

Summary judgment is appropriate under Rule 56 if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any

material fact and that the movant is entitled to judgement as a matter of law." Fed.R.Civ.P. 56(c). As the moving party, Plaintiff bears the burden of showing that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). An issue is "genuine" if, based on the evidence, a reasonable jury could find for the non-moving party on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Plaintiff may satisfy its burden by either 1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case. Celotex, 477 U.S. at 331.

Although Defendant provided no opposition to the present motion for summary judgment, the Court may not grant summary judgment merely on the basis that the motion is unopposed. Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir.1991); Asquith v. Taylor, 2006 WL 932329 at *3 (D.N.J. 2006). Rather, the Court must still ascertain whether Plaintiff has satisfied its burden of establishing the nonexistence of a "genuine issue." Celotex, 477 U.S. at 330.

### b. The Procurement of Citizenship Through Illegal Means or Through Willful Misrepresentation of Material Facts

United States citizenship is "the highest hope of civilized men" and it "would be difficult to exaggerate its value and importance." Schneiderman v. United States, 320 U.S. 118, 122, (1943). As such, once the privilege of United States citizenship has been granted, this "right once conferred should not be taken away without the clearest sort of justification and proof." Id. at 122. In a denaturalization proceeding, the U.S. Government "carries a heavy burden of proof" to divest a naturalized citizen of her citizenship. Costello v. United States, 365 U.S. 265, 269 (1961). In order to prevail, the "evidence justifying revocation of citizenship must be clear,

unequivocal, and convincing and not leave the issue in doubt." Fedorenko v. United States, 449 U.S. 490, 505 (1981) (internal citations omitted).

If citizenship "was procured illegally or by willful misrepresentation of material facts," however, "district courts lack equitable discretion to refrain from entering a judgment of denaturalization." Federenko, 449 U.S. at 490. Title 8 United States Code §1451(a) provides for the denaturalization of U.S. citizens whose citizenship orders and certificates of naturalization were "illegally procured or were procured by concealment of a material fact or by willful misrepresentation." The Supreme Court has enumerated four independent requirements for denaturalized based on this statute: "[1] the naturalized citizen must have misrepresented or concealed some fact, [2] the misrepresentation or concealment must have been willful, [3] the fact must have been material, and [4] the naturalized citizen must have procured citizenship as a result of the misrepresentation or concealment." Kungys v. United States, 485 U.S. 759, 767 (1988).

The element of "willfulness" in the second prong is "is satisfied by a finding that the misrepresentation was deliberate and voluntary," and does not require the "intent to deceive; rather, knowledge of the falsity of the representation will suffice." Mwongera v. I.N.S., 187 F.3d 323, 330 (3d Cir. 1999).

A misrepresented or concealed fact is "material" if it was "predictably capable of affecting," that is, had "a natural tendency to produce the conclusion that the applicant was qualified" Kungys, 485 U.S. at 772. Such an influence can exist "if either (1) the alien is excludable on the true facts, or (2) the misrepresentation tends to shut off a line of inquiry which is relevant to the alien's eligibility and which might well have resulted in a proper determination that he be excluded." Singh v. Thompson, 2016 WL 5791403, at *4 (D.N.J. Oct. 3, 2016)

(quoting Mwongera, 187 F.3d at 330). Because "the materiality of a misrepresentation in a denaturalization proceeding is a matter of law, not fact," the government does not bear the burden of "produc[ing] evidence from officials that if the truth had been told the officers would have reached a different result." United States v. Stelmokas, 100 F.3d 302, 317 (3d Cir. 1996).

With respect to the final prong, citizenship is "procured" as a result of the concealment or misrepresentation if the "misrepresentation results in the applicant's successful naturalization." United States v. Rebelo, 646 F. Supp. 2d 682, 690 (D.N.J. 2009), aff'd, 394 F. App'x 850 (3d Cir. 2010); see also United States v. Hirani, 824 F.3d 741, 750 (8th Cir. 2016) ("An applicant 'procures' naturalization on the basis of a misrepresentation if there is a causal connection between the misrepresentation and the acquisition of citizenship.").

## III. Plaintiff Has Satisfied its Heavy Burden of Showing Through Clear and Convincing Evidence that Defendant Procured his Citizenship Through Illegal Means and Willful Misrepresentation

In its motion, Plaintiff argues that there are two independent bases that warrant the revocation of Defendant's citizenship. First, Plaintiff argues that Defendant illegally procured his adjustment to permanent resident status in 1996, by fraudulently misrepresenting his identity and prior immigration history. As a result, Plaintiff argues that Defendant's acquisition of U.S. citizenship in 2004 was not lawfully obtained. Additionally, Plaintiff argues that Defendant's U.S. citizenship was illegally procured because within the naturalization application, Defendant concealed and willfully misrepresented material facts regarding his former identity and immigration. For the forgoing reasons, this Court finds that the Government has met its heavy burden in demonstrating, by clear and convincing evidence, that there is no genuine issue as to either independent reason for revoking Defendant's citizenship, and accordingly this Court grants the Government's motion.

7

### a. Defendant Procured his U.S. Citizenship Illegally Because He Was Not Lawfully Admitted For Permanent Residence

Where naturalization is "illegally procured," the court should revoke and set aside the order admitting such person to citizenship and cancel the certificate of naturalization. 8 U.S.C. § 1451(a). Illegal procurement of naturalization includes the "[f]ailure to comply with any" of the "congressionally imposed prerequisites to the acquisition of citizenship." Fedorenko, 449 U.S. at 506. One such statutory prerequisite is that "no person . . . shall be naturalized unless such applicant, (1) immediately preceding the date of filing his application for naturalization has resided continuously, after being lawfully admitted for permanent residence, within the United States." 8 U.S.C. § 1427(a) (emphasis added).

Lawful admittance for permanent residence requires applicants to have "having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws." 8 U.S.C. § 1101(a)(20). Under the Immigration and Nationality Act ("INA"), an alien is "ineligible to be admitted" if the alien, "by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States." 8 U.S.C. § 1101(a)(20). These INA provisions imply that if Defendant was not lawfully admitted for permanent residence in 1996, then his naturalization in 2004 was illegally procured and the Court should set aside his citizenship and cancel his certificate of naturalization.

Defendant entered the United States in 1991 using the identity of Davinder Singh. In his Form I-485 application for permanent residence in 1996, however, Defendant provided a different name (see Baljinder Singh in Ex. I.), a different date of birth (comp. a birth year of 1974 in Ex. I to 1975 in Ex. C), and a different place of last entry into the United States (comp. San Diego in Ex. I to San Francisco in Ex. C). Defendant also failed to disclose his immigration

8

detention upon arrival in 1991, and the subsequent exclusion proceedings and *in absentia* deportation order against him from the New Jersey immigration judge.

Defendant's 1996 adjustment application for permanent residence qualifies under Title 8 U.S.C. § 1101(a)(20) as an attempt to procure a "visa, other documentation, or admission into the United States." The inconsistent details regarding Defendant's identity, method of entry into the United States, along with the omission of prior exclusion proceedings against him, collectively amount to "fraud or willful[] misrepresent[ation]" under the INA. As such, Defendant was not eligible for admittance in 1996.

In light of these undisputed facts, this Court finds that the Government has met its heavy burden in demonstrating, by clear and convincing evidence, that Defendant's naturalization was illegally procured. This illegal procurement provides one independent basis for granting Plaintiff's motion for summary judgment. This Court accordingly grants Plaintiff's motion, and will revoke and set aside the order admitting Defendant's citizenship and cancel his certificate of naturalization.

### b. Defendant Concealed and Willfully Misrepresented Material Facts in his Naturalization Application

As a second, independent basis for revoking Defendant's U.S. citizenship, Plaintiff contends that Defendant obtained his U.S. citizenship by willfully concealing and misrepresenting material facts regarding his prior identity and immigration history in his naturalization application. Because Plaintiff demonstrates, through clear and convincing evidence, that Defendant's conduct during naturalization satisfies each requirement of the Kungys analysis for concealment and willful misrepresentation, this Court finds that there exists an additional basis for granting Plaintiff's motion for summary judgment.

There is no genuine dispute that Defendant misrepresented or concealed facts related to his immigration history in his Form N-400 naturalization form, including facts related to the prior use of a different name (Part 1, Question C); having committed a prior crime or previously been arrested or detained (Part 10, Section D, Questions 15 and 16); giving false information in an immigration proceeding and lying to a U.S. official to gain entry into the United States (Part 10, Section D, Questions 23 and 24); and previously being ordered to be removed, excluded, or deported from the U.S and applying for relief from such an order (Part 10, Section E, Questions 27 and 28).

These misrepresented and concealed facts satisfy the 'willful' element in Kungys because they were deliberate and voluntary. Defendant signed the Form N-400 application "under penalty of perjury" that his responses were "true and correct to the best of [his] knowledge and belief." (Ex. J, Part 11. Your Signature). He likewise attested at his naturalization interview that this information was true and correct. These signatures certifying that the contents of the Form N-400 Form are true and correct satisfies the Kungys requirement that the misrepresentations and concealments are willful, i.e. deliberate and voluntary. See, e.g., United States v. Hirani, 824 F.3d 741, 749 (8th Cir. 2016) ("Appellant's signature under penalty of perjury affirming that his name, and only name, was Rakesh Hirani demonstrates that the misrepresentation was willful.")

The misrepresentations and concealments in Defendant's Form N-400 and naturalization interview similarly satisfy the Kungys materiality prong, because these concealments "predictably" had the "natural tendency to produce the conclusion" that Defendant was qualified for naturalization. Defendant did not disclose his previous arrival in the United States under a different name, his previous application for asylum, or the removal proceedings and *in absentia* exclusion order against him. Such information is material, under Kungys and Mwongera,

because it affects Defendant's lawful admission for permanent residence, and thus his eligibility for naturalization. Further, this information is material because by omitting and concealing this history of prior removal proceedings, Defendant likely "shut off a line of inquiry" and investigation by the immigration official into Defendant's eligibility. Had Defendant properly disclosed this *in absentia* exclusion order against him, the immigration official might well have discovered that Defendant was not statutorily eligible for naturalization. As such, the misrepresentations and concealments in the naturalization proceedings satisfy the materiality element in Kungys.

Finally, it appears that Defendant procured his naturalization as a result of these misrepresentations and concealments. If Defendant had not made these misrepresentations in the Form N-400 or in his naturalization interview, it is fair to infer that he would not have been granted naturalization. Indeed, he was not eligible for naturalization under the name Davinder Singh, due to the in absentia exclusion order against him. By not disclosing this information, Defendant was able to successfully naturalize under the name Baljinder Singh. As such, Defendant's naturalization was procured as a result of these misrepresentations and concealments. Since the Government has demonstrated, through clear and convincing evidence, that all four denaturalization requirements in Kungys are satisfied, this Court will grant its motion for summary judgment and enter an order to revoke Defendant's naturalization and cancel his certificate of naturalization.

## IV. CONCLUSION

Accordingly, for the foregoing reasons, Plaintiff's motion for summary judgment is **GRANTED**, and this Court will issue an order revoking Defendant's naturalization. An appropriate order shall issue.

/s Stanley R. Chesler
                                    STANLEY R. CHESLER
                                    United States District Judge

Dated: January 5, 2018